## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

TOMMIE LEE FITZHUGH          :
3508 Woodcreek Drive
Suitland, MD 20846           :

NICOLE BETTER-FITZHUGH       :
3508 Woodcreek Drive
Suitland, MD 20846           :

               Plaintiffs,          :          **06-0001494**

  v.                         :

FERGUSON ENTERPRISE, INC.    :
300 D Street
Washington, D.C. 20319       :

      SERVE:                 :          Case No.:
                                        Judge:
Corporation Service Company  :          Calendar:
1090 Vermont Ave., N.W.
Washington, D.C. 20005       :

                                        :

### <u>COMPLAINT</u>
(Negligence, Defamation, Intentional Infliction of Emotional Distress,
Loss of Consortium)

Plaintiffs Tommie Lee Fitzhugh and Nicole Better-Fitzhugh by and through their undersigned counsel, hereby bring this action against the Defendant Ferguson Enterprise, Inc. and state as follows:

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-2500

## INTRODUCTION

1.      Plaintiffs bring this action for monetary relief against the Defendant, Ferguson Enterprise, Inc. based on claims of negligence, defamation, intentional infliction of emotional distress and loss of consortium.

## JURISDICTION

2.      This Court's exercise of personal jurisdiction over the Defendant is proper pursuant to D.C. Code § 13-423 in that Defendant transacted business within the District of Columbia by being generally engaged in the sale, design and distribution of plumbing, air conditioning and multiple other supplies and equipment and, furthermore, Defendant's tortious conduct caused injuries and damages to the Plaintiffs within the District of Columbia and elsewhere.

3.      Furthermore, this court has subject matter jurisdiction pursuant to D.C. Code § 11-921 because Defendant availed itself of the laws and protections of the District of Columbia by transacting business, and otherwise engaging in tortious conduct causing injuries and damages to the Plaintiffs within the District of Columbia and elsewhere.

## PARTIES

LAW OFFICES
HUBERT M SCHLOSBERG
7010 MASSACHUSETS AVE   NW
THIRD FLOOR
WASHINGTON  D C  20016
(202) 483 3500

4.　　Plaintiffs are husband and wife and reside at the captioned address
and are adult citizens of the United States.

5.　　The Defendant Corporation is actively doing business in the
District of Columbia and elsewhere in the United States.

6.　　At all times mentioned herein, the Defendant's Corporate
Employees, including but not limited to Mr. Fitzhugh's supervisors
and managers, Elton Moultrie, et al, were acting in furtherance of
the Corporate Defendant's business, with the consent of and within
the scope of their ascribed duties and authority as agents and/or
Employees of the Defendant.

## STATEMENT OF FACTS

7.　　Mr. Fitzhugh was employed as a full-time and then part-time
counter salesman at one of the Defendant's business
establishments located in Temple Hills, Prince Georges County,
Maryland from approximately August 2004 to March 2005 when
his employment with the Corporation was mutually and voluntarily
terminated.

8.　　After Mr. Fitzhugh terminated his employment with the Corporate
Defendant in March 2005, he actively pursued his profession as a
stand-up comedian when he performed live on national television
and at multiple locations and theaters including Howard University

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE. NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3500

- 3 -

in Washington, D.C., Fort Lee, entertaining United States troops in Petersburg, Virginia, Virginia Beach, Virginia and elsewhere.

9.  At all times mentioned herein, Mr. Fitzhugh's immediate supervisors and managers were Employees of the Corporate Defendant and acted within the scope of their employment and/or authority and at the direction and/or supervision of the Defendant's management and with the knowledge and consent of the Defendant's officers and/or directors.

10. On or about June 6, 2005-June 7, 2005, one of the Defendant's business establishments located in Temple Hills, Prince Georges County, Maryland was broken into, maliciously damaged and burglarized. Upon information and belief, the break in/burglary was reported to the Prince Georges County Sheriff's Department by Mr. David Whitmore, an employee of the Corporate Defendant.

11. On or about July 8, 2005 at approximately 1300 hours, Mr. Elton Moultrie, supervisor of Mr. Fitzhugh and a manager of the Corporate Defendant, contacted Sergeant Anderson of the Prince Georges County Police Department and advised him that the break-in was caught on his surveillance camera. Mr. Moultrie stated that he immediately recognized one of the suspects on the tape as Tommie Lee Fitzhugh because he was a former employee. Mr. Moultrie advised Sergeant Anderson that Mr. Fitzhugh was an employee of Ferguson for one year and was fired for missing work.

LAW OFFICES
HUBERT M. SCHLOSBERG
2007 MASSACHUSETTS AVE NW
THIRD FLOOR
WASHINGTON D C 20036

- 4 -

Mr. Moultrie stated that he did not recognize the other suspect on the tape and stated that neither Mr. Fitzhugh or the other unknown suspect had permission to damage the front door, enter the business and remove the property. Mr. Moultrie's statement to the Prince Georges County Police was knowingly false, willful, malicious, wanton, mean spirited and stated with willful disregard for the truth and with the intent of disparaging Mr. Fitzhugh and to deliberately cause him great injury and harm, all of which was motivated by a need to revenge a personal vendetta.

12. Sometime after Mr. Fitzhugh left his employment with the Corporate Defendant in March of 2005, his wife, Nicole Better-Fitzhugh became seriously ill with breast cancer. Consequently, a decision was made to supplement the family income by his accepting employment with Sun Dun, a soda vending and food snack company.

13. On or about August 31, 2005, while working for Sun Dun delivering soda beverages and snacks to the White House on Pennsylvania Ave. in the District of Columbia, Mr. Fitzhugh was arrested, handcuffed and humiliated in plain view of many people, including his colleague at work. His arrest was a direct and proximate result of Mr. Moultrie's lies and false accusations to the police, prompted by willful, wanton and mean spirited reasons and

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE   NW
THIRD FLOOR
WASHINGTON  D C  20036
(202) 483 3500

with deliberate disregard for the truth and with the intention of defaming and injuring Mr. Fitzhugh.

14.    As a direct and proximate result of Mr. Moultrie's lies and false accusations to the police, which were made with reckless disregard for the truth, and knowing to a high degree of probability that Mr. Fitzhugh would suffer severe and permanent emotional distress caused by Mr. Moultrie's extreme and outrageous conduct, Mr. Fitzhugh was arrested and jailed in the District of Columbia for six days and in Prince Georges County, Maryland for one day, for a total of seven days during which time he was subjected to gross indignities, fear for his life, embarrassment, fear of rape, humiliation and severe permanent psychological and allied injuries including post-traumatic stress disorder.

15.    On January 20, 2006, in the Circuit Court for Prince Georges County, Maryland, a Nolle Pros was entered and all criminal charges instigated by Mr. Moultrie in concert with the Corporate Defendant and others maliciously brought against Mr. Fitzhugh were dismissed by the State of Maryland.

16.    The aforesaid criminal charges were dismissed by reason of the fact that the surveillance tape could not and did not identify Mr. Fitzhugh, notwithstanding Mr. Moultrie's malicious and mean spirited conduct in willfully and falsely identifying Mr. Fitzhugh as the person who committed the crime.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE  N W
THIRD FLOOR
WASHINGTON D C  20036
(202) 483-3500

- 6 -

## CLAIM FOR RELIEF-NEGLIGENCE

17.    Plaintiffs incorporate by reference all of the allegations contained
in paragraphs 1- 16 as if fully repeated and set forth herein.

18.    Mr. Moultrie, acting in concert with authoritative personnel in the
Corporate hierarchy were negligent in that they knew or should
have known in the exercise of reasonable care that Mr. Fitzhugh
was not and could not be the person depicted in the surveillance
tape, and further, they were negligent and careless and lacked due
care in that their investigation was incomplete, inadequate,
insufficient and inaccurate.

19.    As a direct and proximate cause of the aforesaid negligence and
carelessness and lack of due care on the part of the Defendant
Corporation and its Employees, Agents and/or Servants, the
Plaintiffs suffered, inter alia, including, but not limited thereto,
severe psychological injuries including post traumatic stress
disorder, fear for his life, fear of rape , humiliation, public scorn,
contempt, loss of reputation, ridicule and other allied and
permanent injuries.

20.    As a direct and proximate cause of all of the aforesaid, the
Plaintiffs incurred substantial monetary and non-monetary losses
including, but not limited to, loss of income, bail bond,

LAW OFFICES
HUBERT M SCHLOSBERG
2000 MASSACHUSETTS AVE  NW
THIRD FLOOR
WASHINGTON D.C. 20036
2021 483-3500

- 7 -

compensatory and other allied losses and expenses which are
directly attributable to the aforesaid tortious conduct.

## CLAIM FOR RELIEF-DEFAMATION

21.    Plaintiffs incorporate by reference all of the allegations contained
in paragraphs 1-20 as if fully repeated and set forth herein.

22.    Mr. Moultrie, acting in concert with authoritative personnel in the
Corporate hierarchy, intentionally and falsely defamed Mr.
Fitzhugh when he knew, or should have known, that the person
depicted in the surveillance tape was not Mr. Fitzhugh.

23.    Mr. Moultrie's accusations were knowingly false and his
defamatory statements to third parties, accusing Mr. Fitzhugh of
committing a number of felonies were false and malicious.

24.    Defendant's statements to third parties identifying and accusing
Mr. Fitzhugh's involvement with criminal conduct was false,
unprivileged, defamatory and were at least negligent and
actionable as a matter of law.

25.    Defendant published the aforesaid false and defamatory statements
without just cause or excuse and with such conscious indifference
or reckless disregard to its results or effects upon the rights,
feelings and reputation of Mr. Fitzhugh as to constitute malice and
ill will.  Moreover, Defendant's statements were communicated
and understood by persons other than the male Plaintiff.

LAW OFFICES
HUBERT M SCHLOSBERG
2000 MASSACHUSETTS AVE  NW
THIRD FLOOR
WASHINGTON  D C  20036
(202) 483 5500

- 8 -

26.   As a direct and proximate result of Defendant's defamation of Mr. Fitzhugh's character and reputation, he has been caused to suffer, inter alia, but not limited to , substantial economic and non-economic losses, in addition to severe emotional damage and post traumatic stress disorder, humiliation, as well as other and allied injuries and damages.  Plaintiff seeks both compensatory and punitive damages in an amount sufficient to deter others from similar future wrongful and tortious conduct.

## CLAIM FOR RELIEF-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.   Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1- 26 as if fully repeated and set forth herein.

28.   At all times mentioned herein, Mr. Moultrie was acting in concert with authoritative personnel in the Corporate hierarchy.

29.   The aforesaid conduct of the Defendant and its Employees, Agents and/or Servants was extreme and outrageous and was intentional or reckless thereby causing severe and permanent emotional distress and in deliberate disregard of the high degree of probability that severe emotional distress would result to Mr. Fitzhugh.

30.   As a direct and proximate result of the Defendant's extreme, outrageous and malicious conduct, Mr. Fitzhugh was caused to suffer, among other things, but not limited to, severe and

LAW OFFICES
HUBERT H. SCHLOSBERG
2000 MASSACHUSETTS AVE   NW
THIRD FLOOR
WASHINGTON D.C. 20036
(202) 462-3500

permanent mental distress, anxiety and nervousness, humiliation,

embarrassment and allied injuries including post traumatic stress

disorder.

31. As a direct and proximate result of the aforesaid willful and

malicious conduct of the Defendant and its Agents,

Employees and/or Servants, Plaintiff incurred, inter alia, both

monetary and non-monetary losses for which he seeks <u>both</u>

compensatory and punitive damages.


### CLAIM FOR RELIEF-CONSORTIUM

32. Plaintiffs incorporate by reference all of the preceding allegations

contained in paragraphs 1- 31 as if fully repeated and set forth here

in.

33. By reason of the aforesaid injuries and damages suffered and

sustained by her husband, the female Plaintiff has been deprived of

the services of her husband, and his comfort and happiness in his

society and companionship all of which have been severely

impaired.  She has also incurred numerous monetary and non-

monetary losses, including, but not limited thereto, bail bond

expense and other losses associated with family responsibilities

that he would have  shared with her but for the tortious and

malicious activities of the Corporate Defendant and its Employees,

Agents and/or Servants.

LAW OFFICES
HUBERT M SCHLOSBERG
2000 MASSACHUSETTS AVE NW
THIRD FLOOR
WASHINGTON D C 20036
(202) 483-2900

WHEREFORE, Plaintiff Nicole-Better Fitzhugh prays this Honorable Court for judgment against the Defendant in the amount of $400,000.00 plus allowable costs.

WHEREFORE, the male Plaintiff, Tommie Lee Fitzhugh, prays this Honorable Court for compensatory damages against the Defendant Corporation in the amount of Three Million Dollars plus allowable costs and further prays for punitive damages against the Defendant Corporation in the amount of Four Million Dollars plus allowable court costs, disbursements and for such other relief as the case may require.

Respectfully submitted,

**HUBERT M. SCHLOSBERG**

Hubert M. Schlosberg, Esq. - #28290
Richard F. Johns
Attorney (s) for the Plaintiffs
2000 Massachusetts Ave., NW
Third Floor
Washington, DC 20036

## JURY DEMAND

Plaintiffs demand trial by jury of twelve (12) persons.

**HUBERT M. SCHLOSBERG**

Hubert M. Schlosberg, Esq.

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Tommie Lee Fitzhugh, et ux
3508 Woodcreek Drive
Suitland, MD 20846

*Plaintiff*

**06-0001494**

Civil Action No. _____

vs.
Ferguson Enterprise, Inc.
300 D Street
Washington, D.C. 20319

*Defendant*

SERVE:
    Corporation Service Company
    1090 Vermont Ave., N.W.
    Washington, D.C. 20005

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Hubert M. Schlosberg
Name of Plaintiff's Attorney

2000 Massachusetts Ave., NW
Address
Washington, D.C. 20036- Third Floor

202-483-3500
Telephone

By _____
                    Deputy Clerk

Date _____2-27-06_____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

Form CV(s)-456/Mar 01

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TOMMIE L FITZHUGH
Vs.
FERGUSON ENTERPRISE, INC.

C.A. No.        2006 CA 001494 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge ANNA BLACKBURNE-RIGSBY
Date:  February 27, 2006
Initial Conference: 9:30 am, Friday, June 02, 2006
Location:  Courtroom 519
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio.doc

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

TOMMIE L. FITZHUGH,  )
  )
  Plaintiff,  )
  )
  )  Civil Action No. 2006-CA-001494B
  v.  )
  )
FERGUSON ENTERPRISE, INC.  )
  )
  Defendant.  )

RECEIVED
Civil Clerk's Office
MAR 1 5 2006
District of Columbia
Washington, D.C.

## MOTION FOR EXTENSION OF TIME

Defendant Ferguson Enterprises, Inc. ("Ferguson"), by counsel, hereby moves for an extension of time within which to file its responsible pleading in the above captioned matter. Currently, the responsive pleading is due on March 13, 2006. Ferguson requests an extension of one week, up to and including March 20, 2006 within which to file its response. The grounds for this motion are that counsel has only recently been retained and has not yet had sufficient time to contact witnesses, review relevant documents, and conduct appropriate investigation into the factual allegations. Key individuals with knowledge of the factual allegations no longer work for Ferguson and will have to be located. Pursuant to Rule 12-I, counsel for Ferguson spoke on March 15, 2006, with counsel for the plaintiff, Hubert M. Schlosberg and explained the grounds for this motion. Mr. Schlosberg did not consent to this modest extension of time. Accordingly, Ferguson moves for an extension of time within which to file a responsive pleading up to and including March 20, 2006.

Respectfully submitted,

FERGUSON ENTERPRISE, INC.

By:____Susan Wiltsie____
                Counsel

A. Neal Barkus, Esq. (Bar No. 362893)
Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2006, the foregoing Motion for Extension

of Time was served by first-class mail on:

Hubert M. Schlosberg
Law Offices of Humbert M. Schlosberg
2000 Massachusetts Avenue, N.W.
Third Floor
Washington, D.C. 20036

*Susan Wiltsie*

_____

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| TOMMIE L. FITZHUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2006-CA-001494B |
| | ) | |
| FERGUSON ENTERPRISE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### RULE 7.1 DISCLOSURE STATEMENT
### BY DEFENDANT FERGUSON ENTERPRISES, INC

Defendant, Ferguson Enterprises, Inc.("Ferguson"), by counsel, hereby states for its corporate disclosure pursuant to Rule 7.1 of the Rules of the Superior Court of the District of Columbia that Ferguson Enterprises, Inc. is an indirect wholly owned subsidiary of Wolseley, plc. No other publicly held corporation owns more than 10% of its stock.

Respectfully submitted,

FERGUSON ENTERPRISE, INC.

By: _Susan Wiltsie_
Counsel

A. Neal Barkus, Esq. (Bar No. 362893)
Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2006, the foregoing was served by first-

class mail on:

Hubert M. Schlosberg
Law Offices of Humbert M. Schlosberg
2000 Massachusetts Avenue, N.W.
Third Floor
Washington, D.C. 20036

_Susan Wiltsie_

_____

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

TOMMIE L. FITZHUGH,                    )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )    Civil Action No. 2006-CA-001494B
                                       )
FERGUSON ENTERPRISE, INC.              )
                                       )
        Defendant.                     )

## ORDER

Upon consideration of the Defendant's Motion for Extension of Time and any and all opposition thereto; it is hereby,

**ORDERED, ADJUDGED** and **DECREED** that the Defendant's Motion is **GRANTED**; it is further

**ORDERED, ADJUDGED** and **DECREED** that Defendant shall have an extension of time of one week up to and including March 20, 2006 within which to file its responsive pleading to the allegations in the Complaint.

So ordered, this ___ day of _____, 2006.

_____
The Honorable Anna Blackburne-Rigsby

Copies to:

A. Neal Barkus, Esq.
Susan F. Wiltsie, Esq.
Scot A. Hinshaw, Esq.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006

Hubert M. Schlosberg, Esq.
Law Offices of Hubert M. Schlosberg
2000 Massachusetts Avenue, N.W.
Third Floor
Washington, D.C. 20036

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| TOMMIE L. FITZHUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2006-CA-001494B |
| | ) |
| FERGUSON ENTERPRISE, INC. | ) |
| | ) |
| Defendant. | ) |

### RULE 7.1 DISCLOSURE STATEMENT
### BY DEFENDANT FERGUSON ENTERPRISES, INC

Defendant, Ferguson Enterprises, Inc.("Ferguson"), by counsel, hereby states for its corporate disclosure pursuant to Rule 7.1 of the Rules of the Superior Court of the District of Columbia that Ferguson Enterprises, Inc. is an indirect wholly owned subsidiary of Wolseley, plc.  No other publicly held corporation owns more than 10% of its stock.

Respectfully submitted,

FERGUSON ENTERPRISE, INC.

By: *Susan Wiltsie*
_____
Counsel

A. Neal Barkus, Esq. (Bar No. 362893)
Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2006, the foregoing was served by first-class mail on:

> Hubert M. Schlosberg
> Law Offices of Humbert M. Schlosberg
> 2000 Massachusetts Avenue, N.W.
> Third Floor
> Washington, D.C. 20036

*Susan Wiltsie*

_____

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TOMMIE L. FITZHUGH,                )
                                                        )
      Plaintiff,                        )
                                                        )
      v.                                       )   Civil Action No. 2006-CA-001494B
                                                        )
FERGUSON ENTERPRISE, INC.     )
                                                        )
      Defendant.                        )

*RECEIVED Civil Clerk's Office MAR 1 6 2006 Superior Court of the District of Columbia Washington, D.C.*

## AMENDED MOTION FOR EXTENSION OF TIME

      On March 15, Defendant Ferguson Enterprises, Inc. ("Ferguson"), by counsel,

moved for an extension of time within which to file its responsible pleading in the above

captioned matter. In that Motion, counsel represented that the current responsive

pleading was due on March 13, 2006. This was a typographical error. In fact, the current

responsive pleading is due on March 20, 2006 (it was served on Ferguson on February

28, 2006). Accordingly, Ferguson requests an extension of one week, up to and including

March 27, 2006 within which to file its response. The grounds for this motion are the

same as in the original motion. As provided in the original motion, pursuant to Rule 12-I,

counsel for Ferguson spoke on March 15, 2006, with counsel for the plaintiff, Hubert M.

Schlosberg, explained the grounds for this motion, and asked for an extension of time up

to and including March 27, 2006. Mr. Schlosberg did not consent. Accordingly,

Ferguson hereby moves for an extension of time within which to file a responsive

pleading up to and including March 27, 2006.

Respectfully submitted,

FERGUSON ENTERPRISE, INC.

By: _Susan Wiltsie_____
                Counsel

A. Neal Barkus, Esq. (Bar No. 362893)
Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W., Suite 1200
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2006, the foregoing Amended Motion for

Extension of Time was served by first-class mail on:

> Hubert M. Schlosberg
> Law Offices of Hubert M. Schlosberg
> 2000 Massachusetts Avenue, N.W.
> Third Floor
> Washington, D.C. 20036

*Susan Wiltsie*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

TOMMIE L. FITZHUGH,           )
                               )
         Plaintiff,        )
                               )
         v.           )  Civil Action No. 2006-CA-001494B
                               )
FERGUSON ENTERPRISE, INC.    )
                               )
        Defendant.     )

## ORDER

Upon consideration of the Defendant's Motion for Extension of Time and any and all opposition thereto; it is hereby,

**ORDERED, ADJUDGED** and **DECREED** that the Defendant's Motion is **GRANTED**; it is further

**ORDERED, ADJUDGED** and **DECREED** that Defendant shall have an extension of time of one week up to and including March 27, 2006 within which to file its responsive pleading to the allegations in the Complaint.

So ordered, this ___ day of _____, 2006.

_____
The Honorable Anna Blackburne-Rigsby

Copies to:

A. Neal Barkus, Esq.
Susan F. Wiltsie, Esq.
Scot A. Hinshaw, Esq.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006

Hubert M. Schlosberg, Esq.
Law Offices of Hubert M. Schlosberg
2000 Massachusetts Avenue, N.W.
Third Floor
Washington, D.C. 20036

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TOMMIE L. FITZHUGH,       )
                            )
       Plaintiff,        )
                            )
       v.            )   Civil Action No. 2006-CA-001494B
                            )
FERGUSON ENTERPRISE, INC.   )
                            )
       Defendant.      )

### ORDER

Upon consideration of the Defendant's Motion for Extension of Time and any and all opposition thereto; it is hereby,

**ORDERED, ADJUDGED** and **DECREED** that the Defendant's Motion is **GRANTED**; it is further

**ORDERED, ADJUDGED** and **DECREED** that Defendant shall have an extension of time of one week up to and including March 20, 2006 within which to file its responsive pleading to the allegations in the Complaint.

So ordered, this 16ᵗʰ day of _____March_____ 2006.

_____
The Honorable Anna Blackburne-Rigsby



Case: 2006 CA 001494 B
DKT: CIV00A

Copies to:

A. Neal Barkus, Esq.
Susan F. Wiltsie, Esq.
Scot A. Hinshaw, Esq.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006

Hubert M. Schlosberg, Esq.
Law Offices of Hubert M. Schlosberg
2000 Massachusetts Avenue, N.W.
Third Floor
Washington, D.C. 20036

DOCKETED in Chambers     MAR 2 0 2005

MAILED From Chambers     MAR 2 0 2005

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |  |
|---|---|---|
| TOMMIE L. FITZHUGH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-CA-0001494 |
| | ) | |
| v. | ) | |
| | ) | |
| FERGUSON ENTERPRISE, INC., | ) | Next event:  Initial Conference - |
| | ) | June 2, 2006 |
| Defendant. | ) | |

## ANSWER ON BEHALF OF FERGUSON ENTERPRISES, INC.

Defendant Ferguson Enterprises, Inc., incorrectly named as "Ferguson Enterprise, Inc." ("Ferguson") submits this Answer to the Plaintiff's Complaint:

### INTRODUCTION

1.    Ferguson admits that the Plaintiffs bring an action alleging negligence, defamation, intentional infliction of emotional distress, and loss of consortium.  Ferguson denies that these claims are legally viable, denies the existence of any facts supporting the Plaintiffs' claims, and denies that the Plaintiffs are entitled to any relief whatsoever.

### JURISDICTION

2.    Ferguson admits that it transacted business within the District of Columbia generally engaged in the sale, design and distribution of plumbing, air conditioning and multiple other supplies and equipment.  Ferguson denies that it engaged in any tortious conduct and denies that it injured or damaged the Plaintiffs within the District of Columbia or elsewhere.  The remaining allegations in paragraph 2 of the complaint are legal conclusions to which no response is required.

3.    Ferguson admits that it transacts business within the District of Columbia. Ferguson denies that it engaged in any tortious conduct and denies that it injured or

damaged the Plaintiffs within the District of Columbia or elsewhere. The remaining allegations in paragraph 2 of the complaint are legal conclusions to which no response is required.

## PARTIES

4.     Ferguson lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the complaint and for that reason denies them.

5.     Ferguson admits the allegations in paragraph 5 of the Complaint.

6.     Ferguson denies the factual allegations of wrongdoing alleged in the Complaint and for that reason denies that these alleged actions were taken in furtherance of the Corporate Defendant's business, with the consent of and within the scope of ascribed duties and authority as agents and/or Employees of the Defendant.

## STATEMENT OF FACTS

7.     Ferguson admits that Mr. Fitzhugh was employed as a full time and then part time counter salesman at one of Ferguson's business establishments located in Temple Hills, Maryland, which is in Prince George's County, from approximately August 2004 to March 2005. Ferguson admits that Mr. Fitzhugh's employment was terminated, but denies that it was terminated mutually and voluntarily.

8.     Ferguson admits that Mr. Fitzhugh was terminated from employment at Ferguson, but denies that "Mr. Fitzhugh terminated his employment." Ferguson lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 8 of the complaint and for that reason denies them.

9.     Ferguson admits that Mr. Fitzhugh had supervisors and managers who were employed by Ferguson. Ferguson denies the remaining allegations in paragraph 9 of the Complaint.

10.     Ferguson admits that its business establishment in Temple Hills, Maryland was broken into on or about June 6, 2005-June 7, 2005 and that it was maliciously damaged and burglarized. Ferguson admits that a Ferguson employee called the Prince George's County police to report the crime, but denies that it was "Mr. David Whitmore." Ferguson denies the remaining allegations in paragraph 10 of the Complaint.

11.     On information and belief, Ferguson admits that Mr. Moultrie advised someone from the Prince George's police department that the break in was caught on the surveillance tape and admits that Mr. Moultrie discussed with the police whether one of the individuals on the surveillance tape could be former employee Tommie Lee Fitzhugh. Ferguson lacks sufficient knowledge or information regarding whether that police officer was Sergeant Anderson or whether it was the police or Mr. Moultrie who initiated the communication about the surveillance tape, and therefore denies those allegations. Ferguson admits that Mr. Moultrie had no information regarding the other person on the surveillance tape, admits that no one had permission to damage the front door, enter the business, and remove property, and admits that Mr. Fitzhugh was fired for missing work, but is without sufficient knowledge or information as to form a belief as to whether any of those statements were made to the police. Ferguson denies that any statement made by Mr. Moultrie to the police was knowingly false, willful, malicious, mean spirited, was stated with a willful disregard for the truth, was stated with the intent of disparaging Mr. Fitzhugh, or was stated to deliberately cause him great injury and harm. Ferguson denies that any action taken by Mr. Moultrie was motivated by a need to revenge a personal vendetta. Ferguson denies the remaining allegations in paragraph 11 of the Complaint.

12.    Ferguson lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the complaint and for that reason denies them.

13.    Ferguson lacks knowledge or information sufficient to form a belief as to whether Mr. Fitzhugh was arrested or, if he was arrested, the reasons for the arrest, the date of this arrest, or the circumstances of the arrest, and therefore denies those allegations.  Ferguson denies that Mr. Moultrie lied or made any false accusations to the police and denies that any action by Mr. Moultrie was motivated by willful, wanton, or mean spirited reasons, with deliberate disregard for the truth, or with the intention of defaming and injuring Mr. Fitzhugh.

14.    Ferguson denies that Mr. Moultrie lied or made any false accusations to the police and denies that Mr. Moultrie took any action with reckless disregard for the truth or knowing to a high degree of probability that Mr. Fitzhugh would suffer severe and permanent emotional distress.  Ferguson denies that Mr. Fitzhugh has suffered severe and permanent emotional distress as a result of any action by it or its agents.  Ferguson lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14 of the Complaint and therefore denies those allegations.

15.    Ferguson denies that anyone at Ferguson "maliciously brought" charges against Mr. Fitzhugh.  Ferguson is without knowledge or information sufficient to form a belief as to the outcome of the charges brought against Mr. Fitzhugh and for that reason denies the allegations relating to the outcome of his criminal matter.  Ferguson denies the remaining allegations in paragraph 15 of the complaint.

16.    Ferguson denies that Mr. Moultrie engaged in any malicious or mean spirited conduct or willfully and falsely identified Mr. Fitzhugh as the person who

committed the crime. Ferguson lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 16 of the Complaint, and for that reason denies them.

## CLAIM FOR RELIEF-NEGLIGENCE

17.    Ferguson repeats each and every response to the allegations set forth in Paragraphs 1-16 and incorporates those responses as if fully set forth herein.

18.    Ferguson denies the allegations contained in paragraph 18 of the Complaint.

19.    Ferguson denies the allegations contained in paragraph 19 of the Complaint.

20.    Ferguson denies the allegations contained in paragraph 20 of the Complaint.

## CLAIM FOR RELIEF-DEFAMATION

21.    Ferguson repeats each and every response to the allegations set forth in Paragraphs 1-20 and incorporates those responses as if fully set forth herein.

22.    Ferguson denies the allegations contained in paragraph 22 of the Complaint.

23.    Ferguson denies the allegations contained in paragraph 23 of the Complaint.

24.    Ferguson denies the allegations contained in paragraph 24 of the Complaint.

25.    Ferguson denies the allegations contained in paragraph 25 of the Complaint.

26.     Ferguson denies the allegations contained in paragraph 26 of the Complaint.

## CLAIM FOR RELIEF-
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.     Ferguson repeats each and every response to the allegations set forth in Paragraphs 1-26 and incorporates those responses as if fully set forth herein.

28.     Ferguson denies that the actions alleged to have been taken by Mr. Moultrie occurred as alleged in the Complaint and therefore denies that those actions were taken in concert with others in the Ferguson Corporate hierarchy.

29.     Ferguson denies the allegations contained in paragraph 29 of the Complaint.

30.     Ferguson denies the allegations contained in paragraph 30 of the Complaint.

31.     Ferguson admits that the Complaint purports to state a claim for compensatory and punitive damages but denies the existence of any facts that would support such an award and denies that it has engaged in any wrongdoing whatsoever. Ferguson denies the remaining allegations contained in paragraph 31 of the Complaint.

## CLAIM FOR RELIEF-CONSORTIUM

32.     Ferguson repeats each and every response to the allegations set forth in Paragraphs 1-31 and incorporates those responses as if fully set forth herein.

33.     Ferguson denies the allegations in paragraph 33 of the Complaint.

## PRAYER FOR RELIEF

Ferguson denies that the Plaintiffs are entitled to any of the relief claimed in the unnumbered WHEREFORE paragraphs following the allegations in the Complaint. Ferguson denies that the Plaintiffs are entitled to any relief of any kind in this action.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This action should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Plaintiff's action for defamation should be dismissed because any statements made by Ferguson or its agents to the police were privileged and were not made with malice.

### THIRD DEFENSE

The Complaint should be dismissed because any and all actions taken by Ferguson were for legitimate and lawful business reasons.

### FOURTH DEFENSE

While expressly denying that the Plaintiffs have been damaged as alleged, this action should be dismissed insofar as any of the injury claimed by the Plaintiffs was caused not by Ferguson but by the police or other third parties.

### FIFTH DEFENSE

This case should be dismissed insofar as any actions by Mr. Moultrie were taken outside of the scope of his employment with Ferguson.

## SIXTH DEFENSE

Expressly denying any wrongdoing on its part, and expressly denying that either Plaintiff has been damaged as alleged, Ferguson states that the punitive damages sought by the Plaintiff in the Complaint are barred because Ferguson did not act in a malicious, wanton, or reckless manner, or in willful disregard for another's rights.

## SEVENTH DEFENSE

While expressly denying that it initiated a false claim with the police, Ferguson states that the claim for intentional infliction of emotional distress should be dismissed because as a matter of law initiating a complaint with police, even if false, is not outrageous conduct.

## ADDITIONAL DEFENSES

Ferguson reserves the right to assert additional defenses as the Plaintiffs' claims are more fully disclosed during the course of this litigation.

Respectfully submitted,

FERGUSON ENTERPRISE, INC.

By: _Susan Wiltsie_____
Counsel

A. Neal Barkus, Esq. (Bar No. 362893)
Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2006, the foregoing Answer was served by

first-class mail on:

Hubert M. Schlosberg
Law Offices of Hubert M. Schlosberg
2000 Massachusetts Avenue, N.W.
Third Floor
Washington, D.C. 20036

_Susan Wiltsie_