IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TOMMIE L. FITZHUGH, ET UX., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FERGUSON ENTERPRISES, INC., )<br>)<br>Defendant. )<br>) | CASE NUMBER 06-0566 (HHK) |

**PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL
OF COMPLAINT WITHOUT PREJUDICE**

COMES NOW, Plaintiffs, through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 41(a), hereby move this Court to allow Plaintiffs to voluntarily dismiss their complaint. In further support of their motion, Plaintiffs respectfully submit the accompanying Memorandum of Points and Authorities ("Memorandum").

WHEREFORE, for the reasons stated in the accompanying Memorandum filed simultaneously herewith, Plaintiffs respectfully request that the Court grant their motion and dismiss Plaintiffs' complaint without prejudice.

Dated:  April _____, 2006                             Respectfully submitted,

_____
Hubert M. Schlosberg, Esq.  #28290
Richard F. Johns  #470103
2000 Massachusetts Ave., N.W. – 3rd Floor
Washington, DC  20036
(202) 483-3500

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMMIE L. FITZHUGH, ET UX., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NUMBER 06-0566 (HHK) |
| ) | |
| FERGUSON ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR VOLUNTARY DISMISSAL OF COMPLAINT WITHOUT PREJUDICE**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

On February 27, 2006, the Plaintiffs filed this action in the Superior Court for the District of Columbia ("Superior Court"). On or about March 27, 2006, the Defendant filed a Notice of Removal requesting that this action be removed from Superior Court to the United States District Court for the District of Columbia. This Court granted the Defendant's request for removal, and on or about March 31, 2006 this action was transferred to the United States District Court.

On April 5, 2006, Plaintiffs' counsel communicated, to Defendant's counsel, Plaintiffs' intention to voluntarily dismiss this action without prejudice. Plaintiffs' actions were based, in most part, upon the fact that Plaintiffs' counsel would be unable to make any electronic filings as he has no internet connection. On April 6, 2006, Plaintiffs' counsel followed-up on his April 5, 2006 conversation with Defendant's counsel and sent a letter further informing Defendant of Plaintiffs' intention to dismiss their action. *See* April 6, 2006 Letter, attached hereto as **Exhibit 1**. Enclosed in Plaintiffs' April 6, 2006 letter was an executed Notice of Voluntary Dismissal Without Prejudice ("Notice") requesting Defendant's counsel to sign and file the Notice electronically pursuant to Local Rule 5.4. *See* Notice, attached hereto as **Exhibit 2**. Plaintiffs'

letter also informed Defendant that a related case would be filed, in due course, in Maryland. On April 14, 2006, Plaintiffs received a letter, dated April 12, 2006, from Defendant rejecting Plaintiffs' attempts to voluntarily dismiss this action and returning the Notice unsigned and not filed. *See* April 12, 2006 Letter, attached hereto as **Exhibit 3**.

As argued below, Plaintiffs cannot proceed with their action in the United States District Court for the District of Columbia because their counsel does not have the computer capabilities to allow for electronic filing. As such, Plaintiffs have made every attempt to voluntarily dismiss the above-captioned action. Notwithstanding Plaintiffs' efforts, this action remains.

## II.  ARGUMENT

### A.  Legal Standard for Voluntary Dismissal Under Rule 41

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action. *Hisler v. Gallaudet University*, 344 F. Supp.2d 29, 36 (D.D.C. 2004); *see also* Fed. R. Civ. P. 41(a). Under Rule 41(a), a plaintiff may dismiss a civil action without an order of the court by filing a notice of dismissal before the adverse party files an answer or motion for summary judgment, or by filing a stipulation of dismissal signed by all parties. *Id.*; *Swift v. United States,* 318 F.3d 250, 252 (D.C.Cir.2003). Otherwise, under Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." *See* Fed. R. Civ. P. 41(a)(2); *Taragan v. Eli Lilly & Co., Inc.,* 838 F.2d 1337, 1339 (D.C.Cir.1988). Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.,* 793 F.2d 350, 353 (D.C.Cir.1986); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364 at 165 (1971) ("dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit"). A court applying Rule 41(a)(2) must consider whether the

2

plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as the defendant's trial preparation efforts, any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit, and the filing of motions for summary judgment by the defendant. *In re Vitamins Antitrust Litigation,* 198 F.R.D. 296, 304 (D.D.C. 2000).

### B. Plaintiffs' Motion For Voluntary Dismissal Has Been Brought In Good Faith

As an initial matter, because the Defendant has filed an answer, Rule 41(a)(1) does not apply. *Robinson v. England,* 216 F.R.D. 17, 18 (D.D.C.2003) (noting that the court applies Rule 41(a)(2) when a defendant has filed a[n] [answer] or alternative motion for summary judgment and has not stipulated to the dismissal). Accordingly, the court applies Rule 41(a)(2) to the Plaintiffs' motion for voluntary dismissal. The court begins its analysis with the issue of whether the plaintiff's voluntary withdrawal is in good faith. *In re Vitamins,* 198 F.R.D. at 305.

Here, Plaintiffs move to dismiss this action because Plaintiffs' counsel does not have the capabilities to electronically file. Consequently, Plaintiffs are presented with a situation whereby they may be forced to employ another counsel to proceed with their case. Moreover, Plaintiffs have filed a related suit in the Circuit Court for Prince George's County, Maryland. Therefore, a dismissal would avoid costly adjudication, legal inconsistencies, and interference between the related cases. In sum, Plaintiffs bring their motion for voluntary dismissal in good faith.

### C. The Defendant Will Not Suffer Legal Prejudice Upon Dismissal

The issue of good or bad faith alone, however, is not dispositive of the plaintiff's motion. *See In re Vitamins,* 198 F.R.D. at 304. Generally, courts grant voluntary dismissals unless the defendant would suffer legal prejudice other than the prospect of a second lawsuit or some

3

tactical disadvantage. *Conafay,* 793 F.2d at 353.  Pursuant to the guidance enunciated by the D.C. Circuit, the court considers the following factors to determine whether or not legal prejudice exists in the case at hand:  (1) the defendant's trial preparation efforts, (2) any excessive delay or lack of diligence by the plaintiff in prosecuting the action, (3) an insufficient explanation by the plaintiff for taking nonsuit, and (4) the filing of motions for summary judgment by the defendant.  *Id.*

Here, all of the above-referenced prejudice factors, which the court must consider, weigh in favor of granting Plaintiffs' motion.  This action is in the very early stages of litigation.  Indeed, there has been no discovery in this matter.  Additionally, Plaintiffs have made every effort to timely dismiss this action, including seeking Defendant's joint stipulation.  Unfortunately, Plaintiffs' efforts have been rejected.  Next, the relief Plaintiffs seek is adequate and appropriate under the circumstances.  Moreover, there is no indication that Plaintiffs seek a dismissal to avoid any adverse rulings.  *See e.g. In re Vitamins,* 198 F.R.D. at 305 (citing *Teck Gen. P'ship v. Crown Central Petroleum Corp.,* 28 F.Supp.2d 989 (E.D.Va.1998) (holding that a plaintiff who is unable to meet the scheduling deadlines may not obtain a non-prejudicial voluntary dismissal to avoid an adverse ruling)).  Further, there is no indication that Plaintiffs are motivated by bad-faith to bring this motion.  In sum, the Defendant will not be legally prejudiced by the granting of Plaintiffs' motion for voluntary dismissal of their complaint.  Accordingly, the Plaintiffs' motion should be granted.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Voluntary Dismissal of Complaint Without Prejudice and dismiss this action without prejudice.

Dated:  April _____, 2006                                  Respectfully submitted,

                                                               _____

Hubert M. Schlosberg, Esq.  #28290
Richard F. Johns  #470103
2000 Massachusetts Ave., N.W. – 3rd Floor
Washington, DC  20036
(202) 483-3500

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Plaintiffs' Motion for Voluntary Dismissal of Complaint Without Prejudice to be served by first class mail, postage prepaid, this _____ day of April, 2006, upon:

>Susan F. Whiltsie, Esq.
>Hunton & Williams LLP
>1900 K Street, N.W.
>Washington, D.C. 20006

_____
Hubert M. Schlosberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOMMIE L. FITZHUGH, ET UX.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NUMBER 06-0566 (HHK) |
| ) | |
| **FERGUSON ENTERPRISES, INC.,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

UPON CONSIDERATION of Plaintiffs' Motion for Voluntary Dismissal of Complaint Without Prejudice, and any opposition thereto, it is hereby

**ORDERED**, that the Plaintiffs' Motion is hereby GRANTED**;** and it is

**FURTHER ORDERED,** that Plaintiffs' complaint be and hereby is dismissed without prejudice.

                        Judge Henry H. Kennedy, Jr.
                        United States District Judge

Date: _____

Copies to:

Hubert M. Schlosberg, Esq.
2000 Massachusetts Ave., N.W. – 3rd Floor
Washington, DC  20036

Susan F. Whiltsie, Esq.
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006