IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
Civil Division

TOMMIE LEE FITZHUGH                    :
3508 Woodcreek Drive
Suitland, MD 20846                     :

                                       :

NICOLE BETTER-FITZHUGH                 :
3508 Woodcreek Drive                   :
Suitland, MD 20846                     :
                                              *L06 07299*
                    Plaintiffs,        :
                                          Civil Action No.: _____
                                       :

v.                                     :

                                       :

FERGUSON ENTERPRISES, INC.             :
11730 Baltimore Ave.
Beltsville, Maryland 20705             :

                                       :

        SERVE:                         :

                                       :

        Corporation Service Company    :
        1090 Vermont Ave., N.W.
        Washington, D.C. 20005         :

                                       :

AND                                    :

                                       :

Elton Moultrie                         :
9703 Golden Eagle Court
Upper Marlboro, Maryland 20772         :

                                       :

        SERVE:                         :

                                       :

        310 Welch Court                :
        Fairburn, Georgia 30213        :

                                       :

AND                                    :

                                       :

Anthony Clark                          :
2611 Oxon Run Drive
Temple Hills, Maryland 20748           :

                                       :

                    Defendants         :

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 429-3500

## COMPLAINT

(Negligence, Defamation, Intentional Infliction of Emotional Distress, Loss of Consortium)

Plaintiffs Tommie Lee Fitzhugh and Nicole Better-Fitzhugh by and through their undersigned counsel, hereby bring this action against the Defendants, Ferguson Enterprises, Inc., Elton Moultrie and Anthony Clark and state as follows:

### INTRODUCTION

1.  Plaintiffs bring this action for monetary relief against the Corporate and individual Defendants, based on claims of negligence, defamation, intentional infliction of mental distress and loss of consortium.

### JURISDICTION

1.  Jurisdiction of this Court is founded on Maryland Annotated Code C&J Section 6-102 and Title §3-2A-02(2) and Title §3-2A-06B.

2.  Venue is properly in Prince George's County, wherein the tortious acts complained of occurred, and wherein the Corporate Defendant is actively engaged in business and wherein the individual Defendants resided at the time that their tortious acts complained of occurred.

### PARTIES

3.  Plaintiffs are husband and wife and reside at the captioned address and are adult citizens of the United States.

4.  The Defendant Corporation is actively doing business in Maryland and elsewhere in the United States.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3900

Apr. 19. 2006  1:37AM

5.    At all times mentioned herein, the Defendant's Corporate employees, including but not limited to Mr. Fitzhugh's co-employee, the Defendant, Anthony Clark and Mr. Fitzhugh's supervisor and manager, the Defendant, Elton Moultrie, et al, were acting in furtherance of the Corporate Defendant's business, and with the consent and within the scope of their ascribed duties and authority as agents and/or employees of the Corporate Defendant.

## STATEMENT OF FACTS

6.    Mr. Fitzhugh was employed as a full-time and then part-time counter salesman at one of the Defendant's business establishments located in Temple Hills, Prince Georges County, Maryland from approximately August 2004 to March 2005 when his employment with the Defendant Corporation was mutually and voluntarily terminated.

7.    After Mr. Fitzhugh terminated his employment with the Corporate Defendant in March 2005, he actively pursued his profession as a stand-up comedian when he performed live on national television and at multiple locations and theaters including Howard University in Washington, D.C., Fort Lee, entertaining United States troops in Petersburg, Virginia, Virginia Beach, Virginia and elsewhere.

8.    At all times mentioned herein, Mr. Fitzhugh's immediate supervisors and managers were Employees of the Corporate Defendant and acted within the scope of their employment and/or

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 463-3300

Apr. 19. 2006  1:37AM

authority and at the direction and/or supervision of the Defendant's management and with the knowledge and consent of the Defendant's officers and/or directors.

9.    On or about June 6, 2005-June 7, 2005, one of the Defendant's business establishments located in Temple Hills, Prince Georges County, Maryland was broken into, maliciously damaged and burglarized.  Upon information and belief, the break in/burglary was reported to the Prince Georges County Sheriff's Department by Mr. David Whitmore, an employee and/or acting on behalf of the Corporate Defendant.

10.   On or about July 8, 2005 at approximately 1300 hours, Mr. Elton Moultrie, supervisor of Mr. Fitzhugh and a manager of the Corporate Defendant, contacted Sergeant Anderson of the Prince Georges County Police Department and advised him that the break-in was caught on his surveillance camera.  Mr. Moultrie stated that he immediately recognized one of the suspects on the tape as Tommie Lee Fitzhugh because he was a former employee. Mr. Moultrie advised Sergeant Anderson that Mr. Fitzhugh was an employee of Ferguson for one year and was fired for missing work. Mr. Moultrie stated that he did not recognize the other suspect on the tape and stated that neither Mr. Fitzhugh or the other unknown suspect had permission to damage the front door, enter the business and remove the property.  Mr. Moultrie's statement to the

LAW OFFICES
IBERT M. SCHLOSBERG
00 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3900

Prince Georges County Police was knowingly false, willful, malicious, wanton, mean spirited and stated with reckless disregard for the truth and with the intent of disparaging Mr. Fitzhugh and to deliberately cause him great injury and harm, all of which was motivated by a need to revenge a personal vendetta.

11.  Sometime thereafter on or about July 14, 2005, Co-Defendant, Anthony Clark , also falsely, maliciously, willfully,. and with reckless disregard for the truth, told the Prince Georges County Police investigating the aforesaid criminal   activity that he also viewed the videotape and recognized the suspect [Tommie Lee Fitzhugh] in the tape.    Defendant Clark knowingly corroborated  Defendant Moultrie's false and vicious defamatory statements also for the purpose of revenging a personal vendetta.

12.  Sometime after Mr. Fitzhugh left his employment with the Corporate Defendant in March of 2005, his wife, Plaintiff Nicole Better- Fitzhugh, became seriously ill with breast cancer. Consequently, a  family decision was made to supplement the family income by his  accepting employment with Sun Dun, a soda vending and food snack company.

13.  On or about August 31, 2005, while working for Sun Dun delivering soda beverages and snacks to the White House on Pennsylvania Ave. in the District of Columbia, Mr. Fitzhugh was arrested, handcuffed and humiliated in plain view of many people,

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 463-3500

including his colleague at work.  His arrest was a direct and proximate result of Defendants Moultrie and Clark's lies and false accusations to the police, prompted by willful, wanton and mean spirited reasons and with deliberate disregard for the truth and with the intention of defaming and injuring Mr. Fitzhugh.

14.  As a direct and proximate result of Defendants Moultrie and Clark's lies and false accusations to the police, which were made with reckless disregard for the truth, and knowing to a high degree of probability that Mr. Fitzhugh would suffer severe and permanent emotional distress caused by the individual Defendants extreme and outrageous conduct, Mr. Fitzhugh was arrested and jailed in the District of Columbia for six days and in Prince Georges County, Maryland for one day, for a total of seven days during which time he was subjected to gross indignities, fear for his life, embarrassment, fear of rape, bodily injury, humiliation and severe permanent psychological and allied injuries including post-traumatic stress disorder.

15.  On January 20, 2006, in the Circuit Court for Prince Georges County, Maryland, a Nolle Pros was entered and all criminal charges instigated by Defendants Moultrie and Clark, in concert with the Corporate Defendant and others maliciously brought against Mr. Fitzhugh were dismissed by the State of Maryland.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 463-3800

16. The aforesaid criminal charges were dismissed by reason of the fact that the surveillance tape could not and did not identify Mr. Fitzhugh, notwithstanding Defendants Moultrie and Clark malicious and mean spirited conduct in willfully and falsely identifying Mr. Fitzhugh as the person who committed the crime.

## CLAIM FOR RELIEF-NEGLIGENCE

17. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1- 16 as if fully repeated and set forth herein.

18. Defendants Moultrie and Clark, acting in concert with authoritative personnel in the Corporate hierarchy were negligent in that they knew or should have known in the exercise of reasonable care that Mr. Fitzhugh was not and could not be the person depicted in the surveillance tape, and further, they were negligent and careless and lacked due care in that their investigation was incomplete, inadequate, insufficient and inaccurate.

19. As a direct and proximate cause of the aforesaid negligence and carelessness and lack of due care on the part of the Defendant Corporation and its aforesaid Employees, Agents and/or Servants, the Plaintiffs suffered, inter alia, including, but not limited thereto, severe permanent psychological injuries including post traumatic stress disorder, fear for his life, fear of rape , humiliation, public scorn, bodily injury, contempt, loss of reputation, ridicule and other allied and permanent injuries.

LAW OFFICES
NUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3600

20.  As a direct and proximate cause of all of the aforesaid, the Plaintiffs incurred substantial monetary and non-monetary losses including, but not limited to, loss of income, bail bond, compensatory and other allied losses and expenses which are directly attributable to the aforesaid tortious conduct of the Defendants.

## CLAIM FOR RELIEF-DEFAMATION

21.  Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1-20 as if fully repeated and set forth herein

22.  Defendants Moultrie and Clark, acting in concert with authoritative personnel in the Corporate hierarchy, intentionally and falsely defamed Mr. Fitzhugh when they knew, or should have known, that the person they identified in the surveillance tape was not Mr. Fitzhugh.

23.  Defendants Moultrie and Clark's accusations were knowingly false and their defamatory statements to third parties, accusing Mr. Fitzhugh of committing a number of crimes were knowingly false and malicious.

24.  Defendants statements to third parties identifying and accusing Mr. Fitzhugh's involvement with criminal conduct were false, unprivileged, defamatory and were at least negligent and actionable as a matter of law.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE. NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3500

25.   Defendants published the aforesaid false and defamatory statements without just cause or excuse and with such conscious indifference or reckless disregard to its results or effects upon the rights, feelings and reputation of Mr. Fitzhugh as to constitute malice and ill will. Moreover, Defendants statements were communicated and understood by persons other than the Plaintiffs.

26.   As a direct and proximate result of Defendants defamation of Mr. Fitzhugh's character and reputation, he has been caused to suffer, inter alia, but not limited to , substantial economic and non-economic losses, in addition to severe emotional damage and post traumatic stress disorder, humiliation, as well as other and allied injuries and damages. Plaintiff seeks <u>both</u> compensatory and punitive damages in an amount sufficient to deter others from similar future wrongful and tortious conduct.

## CLAIM FOR RELIEF-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.   Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1- 26 as if fully repeated and set forth herein.

28.   At all times mentioned herein, Defendants Moultrie and Clark were acting in concert with authoritative personnel in the Corporate hierarchy.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 462-3500

29.    The aforesaid conduct of the Defendants and its Employees, Agents and/or Servants was extreme and outrageous and was intentional, or reckless, thereby causing severe and permanent emotional distress and in deliberate disregard of the high degree of probability that severe emotional distress would result to Mr. and Mrs. Fitzhugh.

30.    As a direct and proximate result of the Defendants extreme, outrageous and malicious conduct, Plaintiffs were caused to suffer, among other things, but not limited to, severe and permanent mental distress, anxiety and nervousness, humiliation, embarrassment and allied injuries including post traumatic stress disorder.

31.    As a direct and proximate result of the aforesaid willful and malicious conduct of the Defendants and its Agents, Employees and/or Servants, Plaintiffs incurred, inter alia, both monetary and non-monetary losses for which he seeks both compensatory and punitive damages.

## CLAIM FOR RELIEF-CONSORTIUM

32.    Plaintiffs incorporate by reference all of the preceding allegations contained in paragraphs 1- 31 as if fully repeated and set forth here in.

33.    Plaintiffs, as a direct and proximate result of the aforesaid tortious conduct of the Corporate and individual Defendants named herein,

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3600

have sustained enormous economic and non-economic damages, including, but not limited to, loss of consortium and loss of household services as well as other allied monetary and non-monetary losses.

WHEREFORE, the male Plaintiff, Tommie Lee Fitzhugh, prays this Honorable Court for compensatory damages against the Corporate Defendant and the individual Defendants, jointly and severally, and each of them, in the amount of Three Million Dollars plus allowable costs and further prays for punitive damages against the Corporate Defendant and the individual Defendants, jointly and severally, and each of them, in the amount of Four Million Dollars plus allowable court costs, disbursements and for such other relief as the case may require.

WHEREFORE, the Plaintiffs, Tommie Lee Fitzhugh and Nicole-Better Fitzhugh pray this Honorable Court for judgment against the Corporate Defendant and the individual Defendants, jointly and severally, and each of them, in the amount of $400,000.00 plus allowable costs.

Respectfully submitted,

## HUBERT M. SCHLOSBERG

Hubert M. Schlosberg, Esq. - #1068
Richard F. Johns
Attorney (s) for the Plaintiffs
2000 Massachusetts Ave., NW
Third Floor
Washington, DC 20036

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON, D.C. 20036
(202) 483-3600

## JURY DEMAND

Plaintiffs Tommie Lee Fitzhugh and Nicole Better-Fitzhugh pray for jury trial on all issues raised herein.

HUBERT M. SCHLOSBERG

Hubert M. Schlosberg, Esq.

Dated:  04-05-06

This is to certify that the above named attorneys are in good standing with, and members, of the Maryland Bar.

HUBERT M. SCHLOSBERG

Hubert M. Schlosberg, Esq.

LAW OFFICES
HUBERT M. SCHLOSBERG
2000 MASSACHUSETTS AVE., NW
THIRD FLOOR
WASHINGTON. D.C. 20036
(202) 463-3500