**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOMMIE L. FITZHUGH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 06-0566 (HHK) |
| v. ) | |
| ) | |
| FERGUSON ENTERPRISE, INC., ) | |
| ) | |
| Defendant. ) | |

**FERGUSON'S OPPOSITION TO PLAINTIFFS' MOTION
FOR VOLUNTARY DISMISSAL OF COMPLAINT WITHOUT
PREJUDICE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant Ferguson Enterprises, Inc. ("Ferguson"), by counsel, respectfully requests this Court deny Plaintiffs Tommie L. Fitzhugh and Nicole Better-Fitzhugh's Motion for Voluntary Dismissal of Complaint Without Prejudice, or in the alternative, transfer this action to the United States District Court for the District of Maryland because doing so serves the interest of justice in this case. As more fully set forth herein, this Court should deny the Plaintiffs' motion for a voluntary dismissal because their justification is a bad faith desire to forum shop and prejudice will befall the Defendant as a result. Alternatively, should this Court accept the Plaintiffs' only proffered reason for dismissal -- inability to electronically file in this Court -- then this Court should transfer this case to a venue where a substantial portion of the alleged events occurred; that is convenient for the Plaintiffs and the witnesses; that serves the interest of justice for all parties; and where the Plaintiffs are not required to electronically file their papers.

**I. Background**

Ferguson is headquartered in Newport News, Virginia and incorporated in the Commonwealth of Virginia. It does business in both Maryland and the District of

Columbia. Plaintiff Tommie L. Fitzhugh ("Fitzhugh"), a resident of Maryland, worked at Ferguson's Marlow Heights, Maryland facility for approximately seven months. (Complaint, ¶¶ 4, 7.) He was a Counter Salesperson. (Id., ¶ 7.) Fitzhugh was discharged by his supervisor, Elton Moultrie ("Moultrie"), for missing work in March 2006. (Id., ¶ 11.) At the time, Moultrie lived in Maryland, but has since left Ferguson and moved to Georgia. Anthony Clark is an employee in the Inside Sales department for Ferguson and worked at the same facility as Fitzhugh.

On or about the evening of June 6, 2005 or the morning of June 7, 2005, two individuals broke into Ferguson's Temple Hills, Maryland facility.[1] (Complaint, ¶ 10.) While there, they unlawfully removed over $1,000 in Ferguson's merchandise. After the theft, the Prince George's Police Department investigated the incident. As part of the investigation, the police, Elton Moultrie, and several other employees reviewed the surveillance video tape of the facility for June 6 and June 7. (Id., ¶ 11.) Subsequently, Moultrie was asked about and discussed with one of the police officers the possibility that one of the individuals in the surveillance tape could be Fitzhugh.

Subsequently, further investigation was done by the police and an arrest warrant was issued for Fitzhugh. Fitzhugh's complaint alleges that he had gone to work for a vending company after departing Ferguson and that he was on a delivery at the White House in August 2005. (Complaint, ¶¶ 12, 13.) During the delivery, he was arrested, placed in custody in the District of Columbia, transferred to Prince George's County, and subsequently released. (Id., ¶ 14)

---

[1] This facility is also often referred to as the Marlow Heights, Maryland facility. They are one in the same.

2

On February 28, 2006, Fitzhugh and his wife, Nicole Better-Fitzhugh ("Better-Fitzhugh"), then filed suit against Ferguson in the District of Columbia Superior Court, alleging negligence, defamation, intentional infliction of emotional distress and loss of consortium against Ferguson and its agents, specifically Moultrie. The Plaintiffs' prayer for relief sought over $7 million in compensatory and punitive damages.

On or about March 27, 2006, Ferguson removed the action to federal court on diversity grounds. Subsequently, counsel for the Plaintiffs advised undersigned counsel said that he thought it might be easier for the Plaintiffs and the witnesses if the case was in the State of Maryland instead of the District of Columbia. Thus, he asked for Ferguson's agreement that the case be dismissed without prejudice by stipulation so that it could be refiled in state court in Maryland. Undersigned counsel advised the Plaintiffs' counsel that the Plaintiffs had made a strategic decision for whatever reason to file the action in the District of Columbia and that Ferguson had incurred costs and attorneys fees associated with the removal. Counsel for Ferguson advised the Plaintiffs' counsel that he would discuss the Plaintiffs' request with Ferguson. Ferguson determined that federal court in the District of Columbia was a sufficient forum. But before counsel for Ferguson could decline the Plaintiffs' request, it received the Plaintiffs' draft stipulation of dismissal without prejudice. Counsel for Ferguson never agreed to sign the stipulation. Undersigned counsel then returned the stipulation to Plaintiffs' counsel. (*See* Letter from Scot Hinshaw to Hubert Schlosberg, dated April 12, 2006, at Exhibit A.)

In the meantime, the Plaintiffs' counsel filed a complaint in Prince George's County Circuit Court. The Plaintiffs' counsel could not have believed he had obtained Ferguson's consent to dismissal from the conversations of counsel. Instead, the tactic

3

appears to be an attempt to pry Ferguson from the present action by forcing it into a stipulated dismissal without prejudice. As Ferguson advised the Plaintiffs' counsel previously, agreeing to the dismissal of the Plaintiffs' claims can only hurt Ferguson, and it will not stipulate to the same, even in the light of current parallel litigation.

But, the Plaintiffs' tactic has more to it than just that. The Plaintiffs have postured the new suit to try to avoid federal court altogether. In the Prince George's County Complaint, the Plaintiffs have named two new defendants -- Elton Moultrie and Anthony Clark. (*See* Prince George's County Circuit Court Complaint, at Exhibit B.) The Plaintiffs listed Moultrie's former home address in Maryland, but clearly know he now lives in Fairburn, Georgia since the Plaintiffs list that as his service address. (Id.)

The addition of Clark is also new and convenient. He is a resident of Maryland, but no allegations had been made against him in the original Complaint. Not a single paragraph mentions his name. He is also not one of Fitzhugh's managers or supervisors. The Plaintiffs added a new paragraph to the Prince George's County Complaint, alleging that Clark falsely and maliciously told the Prince George's County Police that he recognized Fitzhugh as one of perpetrators on the video surveillance tape. (Exhibit B, ¶ 11.) This allegation is absent from the original Complaint. The remaining allegations are the same, except for the addition of Clark to each of the causes of action.

The Plaintiffs insist in their memorandum of points and authorities that their justification for this motion is the inability of their counsel to electronically file court papers in the United States District Court for the District of Columbia. While electronic case filing appears to be a requirement of counsel in the District of Columbia, it is not the

4

exclusive method of filing in the United States District Court for the District of Maryland. In Maryland, an attorney can file by traditional paper filing as well.

## II. Argument

The Plaintiffs' motion to voluntarily dismiss is a transparent attempt to avoid the proper jurisdiction of the federal courts over this action. The Plaintiffs chose to file this suit in the District of Columbia and to avail themselves to its courts. The case should not be dismissed based on a bad faith reason that will result in prejudice to Ferguson. Alternatively, should this Court determine that the Plaintiffs would not be able to properly pursue their claims in this Court based on technical filing issues, then the case should be transferred to the federal district Court that is another proper venue with jurisdiction over the claims and allows the Plaintiffs to file in the traditional method.

    A.    The Plaintiffs' Case Should Not Be Voluntarily Dismissed

The Plaintiffs correctly cite the standard by which their motion to dismiss must be judged. Where they fail, however, is in revealing all the facts to the Court and applying them to that standard. Where a voluntary dismissal is sought by court order, courts will generally grant them "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." Conafay v. Wyeth Labs., 793 F.2d 350, 353 (D.C. Cir. 1986). In making this determination, the court must consider whether the plaintiff seeks the voluntary dismissal in good faith and whether the dismissal would cause the defendant legal prejudice. In re Vitamins Antitrust Litigation, 198 F.R.D. 296, 304 (D.D.C. 2000).

This Court cannot make a decision on the Plaintiffs motion without full knowledge of their strategy and approach to date. The Plaintiffs' efforts and true

intentions demonstrate their bad faith behind this motion and the prejudice that will result to Ferguson.

       i.  *The Plaintiffs Have Made This Motion In Bad Faith*

In <u>In Re Vitamins</u>, cited by the Plaintiffs, the court found that the plaintiffs wanted to voluntarily dismiss their case merely to avoid providing discovery responses. 198 F.R.D. at 304. The court considered this an indication of bad faith. <u>Id.</u> Similarly, the Plaintiffs' efforts are plainly apparent and support a finding that there is no good faith to their effort to have their case voluntarily dismissed. It is flatly an effort to forum shop and avoid federal court.

Once the Plaintiffs realized their claims would be in federal court in District of Columbia, they decided that it might be more convenient for them and the other witnesses if the case was in Prince George's County. At least, that was the first reason they gave for trying to get Ferguson's agreement to a voluntary dismissal. But, this was not new information. The Plaintiffs knew that they and most of the witnesses lived in the area around the Marlow Heights facility. Nonetheless, they made the strategic choice, for whatever reason, to file their claims in the District of Columbia.

Later, the Plaintiffs came up with a different reason. They argue now that the electronic case filing requirement prohibits them from litigating in this Court. Likely, this excuse was chosen because it is easier to explain and justify. While the Court does seem to have an electronic case filing requirement, there is no precedent for the requirement permitting a F.R.C.P. 41(a)(2) dismissal of the Plaintiff's case. It would seem contrary to the interest of justice that a Plaintiff who sought to be in this Court, for instance, on a federal question claim but did not have counsel with access to the Internet

would need to automatically dismiss his or her claims. This would be true for most, if not all, *pro se* plaintiffs before the Court. The Court must have a solution in such instances. Likewise, justice would not be served here where the Plaintiffs' lightly-veiled attempt to avoid federal jurisdiction over this matter is based on this technical hurdle. The same solution should be provided here.[2] This cannot be as insurmountable of a situation as the Plaintiffs would have the Court believe. By now, the Court cannot help but see the Plaintiffs' insufficient moving-target reasons for dismissal, and the actual motivation behind their motion.

      The Plaintiffs' new filing in Prince George's County Circuit Court further demonstrates their bad faith. The action adds an individual defendant that prevents complete diversity who was of no concern to the Plaintiffs in their original Complaint. The Plaintiffs' knowledge of the facts has not changed. No discovery had been done at the time of their motion that may provide new information about their allegations. Only one thing changed from the time the Plaintiffs filed their original Complaint in Superior Court to the time they filed the Prince George's County action -- removal to federal court on diversity grounds. Now suddenly, the Plaintiffs allege that Clark, in his individual capacity, also caused harm to the Plaintiffs. Previously, it was only Moultrie, in his capacity as an agent of Ferguson, that was alleged to have caused the harm. The addition of Clark, a Maryland resident like the Plaintiffs, prevents diversity jurisdiction over the Prince George's County action by a federal court. The Plaintiff's intent is clear, and it does not support their motion.

---

[2] Ferguson's counsel could also arrange with Plaintiffs' counsel to electronically file documents on Plaintiffs' behalf.

7

    ii.  *Dismissal Will Cause Legal Prejudice to Ferguson*

  By its opposition, Ferguson does not intend to avoid the prospect of a second lawsuit. Ferguson looks forward to litigating this case on its merits in this or another federal district court. Ferguson's opposition to dismissal is also not about costs. While Ferguson has expended costs and attorneys fees to reach federal court, it is confident that if dismissal was appropriate, it would be awarded those unnecessary costs. *See* Conafay, 793 F.2d at 353. The real issue, however, is not a second lawsuit or tactical disadvantage, it is the legal prejudice caused by the Plaintiffs' attempt to forum shop.

  The Court cannot allow the Plaintiffs this luxury simply because Ferguson is exercising its right as a citizen of another state to have a federal court hear this action. The Plaintiffs were well aware of the risks in their litigation strategy since they are represented by very competent counsel. As such, they made a choice they cannot now simply try to change because they are no longer happy with the forum. *See* Conafay, 793 F.2d at 353 (noting that the plaintiff's insufficient explanation for voluntary dismissal shall be a consideration under Rule 41(a)(2)). Likewise, allowing the Plaintiff's to forum shop will deny Ferguson the advantages it seeks in federal court. The ability to remove such a case is a federally protected right. Ferguson has exercised that right, and it should not be challenged by the Plaintiffs' bad faith effort to forum shop.

  B.  <u>Alternatively, This Court Should Transfer The Venue Of This Action</u>

  Should this Court find the Plaintiffs' justification regarding the electronic case filing requirement to be a good faith issue, then it has a simple way of curing the problem -- transfer the case to an appropriate venue that does not have the same requirement. Under 28 U.S.C. § 1404, "for the convenience of the parties and witnesses, in the interest

8

of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  When a choice of venue exists,[3] the court looks at the "individualized, case-by-case consideration of convenience and fairness" to determine whether to transfer the case.  Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

      The Court has broad discretion in a § 1404(a) review.  The factors it considers include the private interests of the parties and the public interests of efficiency and fairness.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988).  Within that standard, the private interests to consider are (1) the Plaintiffs' choice of forum, (2) the defendant's choice of forum, (3) convenience of the parties and witnesses, (4) whether the claim arose elsewhere, and (5) the ease of access to sources of proof.  Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996).  The public interests to consider are (1) the Plaintiffs' familiarity with the governing laws, (2) the relative congestion of the calendars of the potential of the two courts, and (3) the local interest in deciding local controversies at home.  Id.

      Here, all these interests permit a transfer of this case to the United States District Court for the District of Maryland.

---

[3] This suit could have been originally been brought in Maryland.  Pursuant to 28 U.S.C. § 1391(a), a diversity action such as this can be brought in "…(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,…"  In this case, the Plaintiffs allege that the agents of Ferguson that caused their alleged injuries took such acts in Maryland.  Moreover, Fitzhugh's arrest warrant was issued in Maryland, and Better-Fitzhugh's damages all allegedly took place in Maryland.

i.  *The Private Interests of the Parties Permit Transfer of Venue*

The Plaintiffs clearly know that they had a choice of forums in this case. Their counsel has said as much. Filing a complaint in Prince George's County Circuit Court shows that they have no objection to choosing the application of Maryland law to their claims and litigating their claims within that geographic area. The Southern Division of the United States District Court for the District of Maryland applies the same law and sits in the same geographic location. Thus, both the Plaintiffs and Ferguson have chosen to be in that forum.

The Plaintiffs' and Ferguson's choice of forum is also convenient for the parties, the witnesses, the location where most of the events alleged in the Complaint arose and provides easy access to proof in the case. The Plaintiffs originally argued to Ferguson that convenience of the parties and the witnesses should convince Ferguson to agree to voluntary dismissal. While Ferguson agrees with the predicate, it does not agree with the suggested result. The Plaintiffs live in the Southern Division of the District of Maryland, as do several witnesses. Ferguson's Marlow Heights facility, where Fitzhugh worked and where the break-in occurred, also resides in the Southern Division. Lastly, most of the events and acts alleged in the Plaintiffs Complaint occurred within the State of Maryland. Thus, all of the private interests the Court should look at support transfer of this case under 28 U.S.C. § 1404(a), and not dismissal.

ii.  *The Public Interests In This Case Also Permit Transfer of Venue*

Again, seeing as the Plaintiffs have filed a second action in Maryland, they are clearly familiar with the state's governing laws. Because many of the events occurred in Maryland and the Plaintiffs and witnesses are citizens thereof, Maryland has a strong

local interest in deciding this local controversy. Neither of these first two factors are in dispute. Finally, neither the Plaintiffs nor Ferguson can comment on the relative congestion of the calendars of the two courts. Ferguson can only surmise that the two are likely equally busy. Thus, setting aside the unknown condition of the courts' dockets, the public interests should equally justify the transfer of this case to the United States District Court for the District of Maryland.

                iii.    *Transfer Of The Case Serves The Interest of Justice and Fairness*

The Plaintiffs are not trying to avoid the State of Maryland as the forum in this case; they are trying to avoid federal court. As set forth in Ferguson's opposition to the Plaintiffs' motion to dismiss, the Plaintiffs' are attempting to misuse F.R.C.P. 41(a)(2) to forum shop their way to state court. This Court should not permit it because it is contrary to the interest of justice and fairness. Ferguson, as a citizen of one state sued by a citizen of another, has the right to have its case heard in a federal court. The Plaintiffs are attempting to thwart that right. They justify their request with a bad faith excuse that will only prejudice Ferguson. Moreover, to transfer this case further serves the interest of justice because the United States District Court for the District of Maryland permits the Plaintiffs to file their papers by the traditional method. Through this simple procedure, the Plaintiffs' hurdle would be overcome.

### III. Conclusion

WHEREFORE, the Plaintiffs' motion should be dismissed for failure to meet the standard necessary for voluntary dismissal of an action, or alternatively and in order to serve the interest of justice in this action, the Court should transfer this case to the United States District Court for the District of Maryland.

        Respectfully submitted,

        FERGUSON ENTERPRISES, INC.


        By:   /s/ Scot A. Hinshaw
                  Counsel

A. Neal Barkus, Esq. (Bar No. 362893)
Susan F. Wiltsie, Esq. (Bar No. 429625)
Scot A. Hinshaw, Esq. (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2006, the foregoing Opposition to Plaintiffs' Motion for Voluntary Dismissal of Complaint Without Prejudice, or in the Alternative, Motion to Transfer Venue, and proposed Order were served by first-class, postage pre-paid upon:

>Hubert M. Schlosberg
>Law Offices of Hubert M. Schlosberg
>2000 Massachusetts Avenue, N.W.
>Third Floor
>Washington, D.C. 20036


>/s/ Scot A. Hinshaw