IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TOMMIE L. FITZHUGH, ET UX., ) | |
| Plaintiffs, ) | |
| v. ) | CASE NUMBER 06-0566 (HHK) |
| FERGUSON ENTERPRISES, INC., ) | |
| Defendant. ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF COMPLAINT WITHOUT PREJUDICE, AND OPPOSITION TO DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER VENUE**

Plaintiffs, by and through their undersigned counsel, respectfully submit this reply to Defendant's Opposition to Plaintiffs' Motion for Voluntary Dismissal of Complaint. In addition, Plaintiffs oppose Defendant's alternative request to have this Court transfer this action to the United States District Court for the District of Maryland. As explained in more detail below, dismissing this action will not prejudice any party in this action. Furthermore, Defendant's initial "diversity" concerns which prompted it to seek a transfer to this Court have been rendered moot. Moreover, transferring this action to the United States District Court in Maryland will not solve the fundamental issue concerning Plaintiffs' counsel's inability to participate in the Court's electronic filing process.

Initially, dismissal of this action will not cause Defendant to suffer any legal prejudice whatsoever. As stated in Plaintiffs' motion for voluntary dismissal, this action is in the very early stages of litigation. Moreover, there has been no delay or lack of diligence on the part of the Plaintiffs' in seeking dismissal of this action.

Next, contrary to Defendant's argument, Plaintiffs' actions are not motivated by bad-faith.  Plaintiffs move to dismiss this action because Plaintiffs' counsel does not have the capabilities to electronically file.  This reason was expressly conveyed to Defendant's counsel who led Plaintiffs' counsel to believe that a stipulation of dismissal would be filed so that this case could be re-filed in Maryland - - a venue which all parties agree is a sufficient and acceptable forum.

Lastly, subsequent to the filing of Plaintiffs' initial complaint, Plaintiffs became aware of Elton Moultrie and Anthony Clark's joint malicious participation in the central occurrence at issue in this matter.  Such information necessitated the addition of Moultrie and Clark as indispensable parties in this action.  Consequently, Moultrie and Clark were added as defendants to the action filed in the Circuit Court for Prince Georges County, Maryland.

In sum, there is no dispute that **Maryland** is a proper and sufficient forum to try this case.  Furthermore, there is no dispute as to Plaintiffs' counsel's inability to electronically file which is mandated in this Court and in the United States District Court for Maryland (which Defendant incorrectly states as a court that does not having the same electronic filing requirements).  There stands now a related case in The Circuit Court for Prince Georges County, Maryland which addresses all issues before this Court.  Accordingly, Plaintiffs reiterate their request for this Court to grant their motion for voluntary dismissal and allow Plaintiffs their day in The Circuit Court for Prince Georges County, Maryland and to avoid costly adjudication, legal inconsistencies, and interference between the related cases.

Dated:  May _____, 2006                           Respectfully submitted,

_____
Hubert M. Schlosberg, Esq.  #28290
Richard F. Johns  #470103
2000 Massachusetts Ave., N.W. – 3rd Floor
Washington, DC  20036
*Counsel for Plaintiffs*

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing to be served by first class mail, postage prepaid, this _____ day of May, 2006, upon:

> Susan F. Whiltsie, Esq.
> Hunton & Williams LLP
> 1900 K Street, N.W.
> Washington, D.C. 20006

                                                                                Hubert M. Schlosberg